UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER D. MACK,<br><br>Plaintiff,<br><br>v.<br><br>ROMERO ARANAS, *et al*,<br><br>Defendants. | Case No. 2:17-cv-02239-APG-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 34 |

Before the Court is Plaintiff's second Motion for Leave to File an Amended Complaint. ECF No. 34. Defendants did not file a response to this Motion. The Court finds as follows.

## **BACKGROUND**

On August 22, 2017, Plaintiff Christopher Mack filed his Motion for Leave to Proceed *in forma pauperis* attached to which was his original Complaint. ECF Nos. 1 and 1-1. Plaintiff's Complaint named three medical professionals at High Desert State Prison as Defendants. These Defendants included: Romero Aranas ("Aranas"), Jake Murphy ("Murphy"), and Bob Faulkner ("Faulkner"). ECF No. 1-1 at 2. Plaintiff alleged that he suffered a "sports related injury" to his left ring finger and that he lost use of the finger because Defendants were deliberately indifferent to his serious medical needs. *Id*. at 3-4.

On August 16, 2018, the Court screened Plaintiff's Complaint. ECF No. 5. The Court deferred ruling on Plaintiff's application to proceed *in forma pauperis*, found Plaintiff alleged a viable Eighth Amendment deliberate indifference claim against all three Defendants, and referred this matter to the Court's Inmate Early Mediation Program. *Id*. at 5-6.

On November 14, 2018, the Attorney General advised the Court that settlement was not reached. ECF No. 10. On November 16, 2018, the Court granted Plaintiff's *in forma pauperis* application. ECF No. 11.

On December 6, 2018, the Attorney General for the State of Nevada accepted service on behalf of Faulkner, but declined to accept service on behalf of Aranas and Murphy. ECF No. 12 at

1

1. The Attorney General concurrently filed the last known addresses of Aranas and Murphy under seal. ECF No. 13. Aranas was served on August 16, 2019. ECF No. 21. On August 23, 2019, the summons for Murphy was returned unexecuted. ECF No. 22. The Court dismissed Murphy from this action without prejudice on October 28, 2019 because Plaintiff failed to file proper proof of service or show good cause why service was not made. ECF No. 24. A discovery order was entered by the Court on January 8, 2020. ECF No. 25.

On April 3, 2020, Plaintiff filed his first Motion for Leave to File an Amended Complaint. ECF No. 28. On April 23, 2020, the Court denied Plaintiff's Motion without prejudice because Plaintiff did not attach a proposed amended complaint for review. ECF No. 33 at 2. On May 13, 2020, Plaintiff filed his second Motion for Leave to Amend attaching the proposed amended complaint realleging an Eighth Amendment claim and seeking leave to add three unnamed Doe Defendants whom Plaintiff refers to as "Defendant #3," "Defendant #4," and "Defendant #5." ECF No. 34; ECF No. 34-1 at 2-3.

Plaintiff's Eighth Amendment claim alleges he was injured on May 16, 2013, but he was not seen by a medical professional for more than three weeks following his injury. *Id*. at 3. Plaintiff further represents he was not provided timely treatment for his finger, resulting in surgery on June 7, 2013. *Id.* Plaintiff says he ultimately lost the ability to move his left ring finger, which he claims is permanently deformed causing him difficulty when using his left hand. *Id*. The medical professionals Plaintiff alleges are responsible for his injury include Aranas, who Plaintiff says is a Medical Director employed by the Nevada Department of Corrections ("NDOC"), Faulkner a NDOC nurse, and three Doe Defendants also allegedly employed by NDOC as nurses. *Id*. at 4. Plaintiff states he submitted multiple kites and grievances to all Defendants that were supposedly ignored due to their deliberate indifference to his medical needs. *Id.* at 5.[1] Plaintiff concludes that Defendants' deliberate indifference "caused the finger to further deteriorate … ." *Id.*

---

[1]   In compliance with the inmate grievance procedure set forth in NDOC Administrative Regulation 740, Plaintiff exhausted his administrative remedies. ECF No. 34-1 at 12-13 (second level grievance), 15-17 (first level grievance), 19-22 (second informal grievance), 27 (first informal grievance).

2

In sum, Plaintiff alleges all Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.² *Id.* at 4-5. Plaintiff maintains that: (1) all Defendants knew of Plaintiff's underlying need for medical care; (2) all Defendants received several grievances and kites from Plaintiff indicating he needed immediate medical attention because his finger was swollen and abnormal; (3) the failure to provide the medical treatment resulted in permanent damages to his finger; (4) Defendant Aranas failed to provide timely medical treatment and never provided Plaintiff with any effective form of rehabilitation; and, (5) Doe Defendant #3 wrapped Plaintiff's finger in place with scotch tape instead of taking Plaintiff to the hospital on the date of the injury, which led to additional complications with his finger. *Id.*

# DISCUSSION

A. <u>Plaintiff's Motion Seeking Leave To Name Three New Defendants Should Be Denied With Prejudice</u>.

Fed. R. Civ. P. 15(a)(2) provides that the Court should freely grant leave to amend when justice so requires. The district court retains discretion to determine whether to grant leave to amend. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000). Courts "consider[] five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted).

Technically, this is Plaintiff's second attempt to amend his Complaint; however, Plaintiff's first attempt failed because Plaintiff did not attach the proposed amended complaint to his motion. ECF Nos. 28 and 34. The Court also notes there is nothing to suggest that Plaintiff has engaged in bad faith. These factors weigh in favor of amendment. In contrast, Plaintiff's request to amend is so significantly delayed, for which no cause is given, as to result in substantial prejudice to the named and participating Defendants. As discussed below, Plaintiff's prejudicial delay is so great, and without just cause, that amendment cannot be justified.

---

² Plaintiff makes a one sentence reference to an alleged Fourteenth Amendment violation in his proposed amended complaint. *Id.* at 5. Even when liberally construed, this allegation is insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading is insufficient if it offers only "naked assertions devoid of further factual enhancement.") (internal citation omitted).

3

When reviewing the timeliness of a motion to amend the Court considers "whether the moving party knew or should have known of the facts and theories raised by amendment in the original pleading." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). The Ninth Circuit instructs courts to inquire into whether the "delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *Id*.

In this case, the injury Plaintiff complains of took place more than seven years ago in May 2013. ECF No. 34-1 at 3. Plaintiff initiated this action in federal court on August 22, 2017 (ECF No. 1-1), but did not file a proposed amended complaint seeking to add three Doe Defendants until May 13, 2020. ECF No. 34. Plaintiff does not contend, and there is no basis upon which the Court can reasonably conclude, that Plaintiff just learned that the Doe Defendants were involved in his lack of care as Plaintiff claims to have included these Defendants in kites and grievances in 2013. ECF No. 34-1 at 5. Plaintiff further claims these proposed defendants knew of his underlying medical condition in 2013 and ignored the need for care at that time. *Id*. One of the three nurses is alleged to have wrapped Plaintiff's finger in place with scotch tape instead of taking Plaintiff to the hospital leading to additional complications with Plaintiff's finger. *Id*. Thus, the three newly proposed defendants are not recently discovered, but have been known to exist since 2013.

The discovery period closed in this matter on July 5, 2020. *Id*. ¶ 1. And, there is no evidence that at any time before Plaintiff filed his Complaint (that is, between May 2013 and August 2017), nor at any time since the discovery period commenced in this case on January 8, 2020 (ECF No. 25), that Plaintiff sought to learn the names of the three nurses he now seeks to add as Doe Defendants. There are no outstanding discovery requests propounded by Plaintiff awaiting a response and it is now too late for Plaintiff to engage in such discovery. Rules 33, 34, and 36 of the Federal Rules of Civil Procedure each require the party on whom discovery requests are propounded to respond within 30 days of being served. To be timely, discovery must be served so that the responding party has sufficient time to answer before discovery closes. *Andrews v. Raphaelson*, Case No. 2:06-cv-00209-RCJ-GWF, 2007 WL 160783, at *6 (D. Nev. Jan. 12, 2007). While Plaintiff is proceeding *pro se*, he must still comply with the Federal Rules of Civil Procedure. *Jacobson v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986). Thus, in order for Plaintiff to be able to identify the Doe Defendants,

4

discovery must be reopened after which, assuming these individuals, or any of them, are identified, the case would be extended to allow Plaintiff time to serve the amended complaint. This process will be followed an answer or motion practice and, potentially, additional discovery that will further substantially extend the life of this dispute that started three years ago for Aranas and Faulkner.

As explained by the court in *Porter v. Bureau of Prisons et al.*, Case No. EDCV 15-1448-JFW (JPR), 2016 WL 1426015, at *1 (C.D. Cal. Feb. 22, 2016), "[u]nreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff." *Id*. at *1, *citing In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir.1994). Plaintiff cites no reason why he failed to file his proposed amended complaint before May 2020. Plaintiff also offers no reason why he has not previously sought to discover the names of the Doe Defendants he now seeks to add as parties to this case. Even with a liberal eye toward this matter, the Court can divine no reason for this extraordinary delay. As such, Plaintiff fails to rebut the presumption to which the served Defendants are entitled.

The "just, speedy, and inexpensive determination of every action and proceeding" is a guiding principle for the Court. Fed. R. Civ. P. 1. Granting Plaintiff's request to amend his Complaint to add three new defendants at this juncture, is contrary to the very purposes of a just and speedy determination of this action. Whether in favor of Plaintiff or Defendants, the parties deserve resolution of this case.

For each and all of the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint to add three new defendants is denied.

B. <u>Plaintiff's Official Capacity Claims Seeking Money Damages Should Be Dismissed With Prejudice</u>.

Plaintiff's proposed amended complaint asserts claims against each Defendant in his/her individual and official capacity. ECF No. 34 at 2-3. Plaintiff's request for relief does not specify whether the money damages he seeks are from Defendants in their individual or official capacities. The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair*

5

*v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted). Therefore, section 1983 claims for money damages cannot be maintained against Nevada state officials or employees in their official capacities. *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991). For this reason, the Court recommends dismissing as futile, and therefore with prejudice, all of Plaintiff's official capacity claims seeking money damages for past harms allegedly caused by Defendants. *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020) (denying a plaintiff leave to amend to add a futile section 1983 claim for money damages against defendants in their official capacities).

C. <u>Plaintiff's Section 1983 Claims Against Aranas And Faulkner, In Their Individual Capacities For Money Damages, And In Their Official Capacities For Injunctive Relief, Shall Proceed</u>.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—showing that the Defendant acted with a sufficiently culpable state of mind towards the deliberate indifference. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To establish the objective standard, a plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citation and quotations omitted). To meet the subjective deliberate indifference standard, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. . . . Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal citations and quotations omitted). "A state official may be sued under § 1983 only in his official capacity for prospective injunctive

relief, or in his individual capacity for damages." *Jacobs v. Tancheck*, Case No. 2:09-cv-00832-PMP-GWF, 2009 WL 10678774, at *2 (D. Nev. Sept. 23, 2009) (internal citations omitted).

Plaintiff sufficiently alleges individual capacity claims for money damages and an official capacity claim for injunctive relief against Aranas and Faulkner. With respect to his individual capacity claim, Plaintiff alleges Aranas, a supervising NDOC Medical Director, knew of Plaintiff's underlying medical condition requiring care, received "several grievances and kites" about Plaintiff's injury, "never provided Plaintiff any effective form of rehab[ilitation]," and, in totality, caused Plaintiff pain and serious injury. ECF No. 34-1 at 4-5. Consistent with the Court's prior Order, Plaintiff claims Faulkner "knew of Plaintiff's underlying medical condition" yet "neglect[ed] to treat or provide adequate medical treatment in a timely manner," causing Plaintiff's finger to become "deform[ed], abnormal[]," and "useless." ECF No. 34-1 at 5; *see also* ECF No. 5 at 5 ("When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury."), *citing Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). With respect to his official capacity claim, Plaintiff seeks injunctive relief in the form of a court order directing Defendants to schedule a surgery to treat his deformed finger. *Id.* at 9. Accordingly, Plaintiff's individual capacity claims for money damages and official capacity claims for injunctive relief against Aranas and Falkner shall proceed.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 34) is GRANTED to the extent Plaintiff pleads an Eighth Amendment deliberate indifference claim against Romero Aranas and Bob Faulkner in their individual capacities for money damages and in their official capacities for injunctive relief.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend is DENIED without prejudice to the extent Plaintiff seeks to assert a claim under the Fourteenth Amendment.

IT IS FURTHER ORDERED that the Clerk of Court shall separate Plaintiff's proposed amended complaint (ECF No. 34-1) from his second Motion for Leave to File an Amended Complaint (ECF No. 34) and file the same.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED Plaintiff's Motion to Amend seeking to add three new Doe Defendants be DENIED with prejudice for the reasons stated above.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Amend alleging official capacity claims seeking monetary damages be denied with prejudice because such claim is futile.

Dated this 28th day of July, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).