**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTOPHER D. MACK,

Plaintiff

v.

ROMERO[1] ARANAS and B. FAULKNER,

Defendants

Case No.: 2:17-cv-02239-APG-EJY

**Order Granting the Defendants' Motion for Summary Judgment**

[ECF No. 40]

Plaintiff Christopher Mack was an inmate at High Desert State Prison (HDSP) on May 16, 2013 when he injured a finger on his left hand. He alleges that despite his requests for treatment, he was given only ibuprofen and an ice pack until it was confirmed days later that his finger was broken. He was then sent to an orthopedic surgeon and had surgery on his finger on June 7. Mack alleges that due to the delay in treatment, his finger is now permanently damaged, which is particularly problematic for him because he is left-handed.

Mack's remaining claims are against defendants Romeo Aranas, who was the medical director for the Nevada Department of Corrections (NDOC) at the time, and Bob Faulkner, who was the director of nursing services.[2] His asserts claims for (1) Eighth Amendment deliberate indifference to his serious medical needs against Aranas and Faulkner in their individual capacities for damages, and (2) Eighth Amendment deliberate indifference to his serious medical needs against these same defendants in their official capacities for injunctive relief. *See* ECF Nos. 5, 36, 39. The injunctive relief he requested in his amended complaint was for the court to

[1] The proper spelling of this defendant's first name is Romeo. I therefore direct the clerk of court to correct the case caption.

[2] Mack's claim against defendant Jake Murphy was dismissed for failure to timely serve. ECF No. 24.

order the defendants to schedule a surgery to treat his finger. ECF No. 34-1 at 9. In his response to the defendants' summary judgment motion, Mack requested a "second opinion by a specialist" because he contends "the only reason he had to have surgery and that the left ring finger lost its movement was because NDOC took too long getting him to outside care." ECF No. 42 at 8.

Aranas and Faulkner move for summary judgment, arguing there is no genuine dispute that Mack received appropriate medical treatment because he was taken to an outside provider for surgery and had follow-up x-rays four times in the ensuing four months. They also contend that despite what Mack states, the medical providers noted that the fracture was healed post-surgery. Alternatively, they contend that if there was an Eighth Amendment violation, they did not personally participate in it and, in any event, they are entitled to qualified immunity.

Mack responds that genuine disputes remain about whether he received appropriate and timely care because he was not given an x-ray on the date of injury despite multiple distress calls, and he did not see an outside provider or have proper pain treatment for two weeks, during which time he was in intense pain. He asserts that because the fracture had two weeks to heal, it could not be realigned by the outside provider, so he had to have surgery. He states that the finger has never healed properly following the surgery. He argues that Aranas and Faulkner personally participated in the violations because they denied his grievances. Mack also filed an unauthorized surreply in which he argues that the defendants are not entitled to qualified immunity because they knew or should have known that they needed to take an x-ray or take him to the hospital on the day of the injury and thereafter did not respond despite multiple requests for treatment.

The parties are familiar with the facts, so I do not repeat them here except as necessary to resolve the motion. I grant the defendants' motion because Aranas and Faulkner did not

personally participate in the initial alleged deprivation of medical care and they later addressed Mack's grievances by noting that he could follow the surgeon's offer of corrective surgery, but Mack opted not to have a second surgery.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). The defendants concede they acted under color of law, so the question is whether the defendants deprived Mack of a constitutional right.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted). A prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation omitted). A medical need qualifies as serious when the inmate has: (1) an injury "that a reasonable doctor or patient would find important and worthy of comment or treatment," (2) a "medical condition that significantly affects an individual's daily activities," or (3) "chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Where the claim of medical indifference stems from an alleged delay in receiving medical treatment, the prisoner must show that the delay itself led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (quotation omitted). "A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quotation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

**A. Personal Participation**

A defendant is liable under § 1983 when he personally participates in the constitutional deprivation. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

A defendant may personally participate in a violation by denying a grievance under certain circumstances. In *Colwell v. Bannister*, an inmate sued NDOC officials and supervisory medical personnel, arguing they were deliberately indifferent to his serious medical needs by denying his requests to have surgery to restore his vision. 763 F.3d 1060, 1065 (9th Cir. 2014).

One of the doctors denied the inmate's second level grievance based on an administrative policy of denying cataract surgery as long as a prisoner has one good eye, not based on an individual medical determination. *Id.* at 1065, 1069.  The Ninth Circuit held that a reasonable jury could find the doctor personally participated in refusing treatment with deliberate indifference. *Id.* at 1070.  And in *Snow v. McDaniel*, the Ninth Circuit denied summary judgment to the prison warden and associate warden because the prisoner sufficiently demonstrated that they were aware, through the grievance process and other documentation, that the prisoner was in pain and needed surgery and they "failed to act to prevent further harm." 681 F.3d at 989.  However, merely denying a grievance without some decision-making authority or ability to resolve the underlying issue grieved is not enough to establish personal participation. *See Stewart v. Warner*, No. C15-5243 RBL-KLS, 2016 WL 1104893, at *5 (W.D. Wash. Feb. 29, 2016), *report and recommendation adopted*, No. C15-5243 RBL-KLS, 2016 WL 1089974 (W.D. Wash. Mar. 21, 2016) (holding that nurses who had reviewed and denied the plaintiff's grievances did not personally participate in alleged Eighth Amendment violations because they did not have decision-making authority over the plaintiff's care); *May v. Williams*, No. 2:10-cv-00576-GMN-LRL, 2012 WL 1155390, at *3-4 (D. Nev. Apr. 4, 2012) (finding that merely denying grievances is not enough to establish a constitutional claim).

      Mack's deliberate indifference claim centers on the failure to treat him from the day of injury until two weeks later when he first saw the outside provider, because by then the injury had started healing.  Even viewing the evidence in the light most favorable to Mack, however, he has not presented evidence that Aranas or Faulkner were aware of his injury and denied or delayed treatment during this time.

Mack has presented evidence that long after the surgery, he filed complaints suggesting that his finger was still swollen and painful and that he did not receive rehabilitation to restore mobility in the finger. ECF No. 42 at 18-19. Faulkner responded to one of these grievances at the first level of NDOC's grievance process, stating that Mack had been seen about that issue in September 2015 and the doctor "offered joint fusion surgery to alleviate the pain in [Mack's] finger," but Mack declined the surgery because he was "unsure if [he] wanted it." *Id.* at 20. Faulkner advised Mack to request a follow-up visit if he decided he wanted the surgery. *Id.* Mack appealed this decision to the second level, stating that he disagreed "because it's too late. I permanently lost all movement in my finger due to the prison's negligence." *Id.* at 25. Aranas responded to this same grievance at the second level and agreed with Faulkner's response. *Id.* at 24. Mack does not present evidence that he requested the surgery and was denied.

Consequently, Mack has not raised a genuine dispute that Aranas and Faulkner were deliberately indifferent to his medical needs. There is no evidence Aranas and Faulkner knew of and failed to cure the lack of treatment prior to the surgery. And by Mack's own evidence, Aranas and Faulkner later advised him that he could request a corrective surgery if he opted for it. They thus did not disregard a risk of harm once they became aware that Mack's finger was still hurting. I therefore grant the defendants' motion for summary judgment on Mack's Eighth Amendment deliberate indifference claim against them in their individual capacities.

**B. Injunctive Relief**

"A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive

relief." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted). An official is the proper defendant when "he would be responsible for ensuring that injunctive relief was carried out, even if he was not personally involved in the decision giving rise to [the plaintiff's] claims." *Colwell*, 763 F.3d at 1070 (quotation omitted).

It is unclear from the parties' briefs whether Aranas and Faulkner remain in their positions at NDOC such that they would be proper defendants for injunctive relief even if they did not personally participate in the alleged violations. But even if they are proper injunctive relief defendants, Mack has not raised a genuine dispute that injunctive relief is appropriate. As discussed above, Mack was seen by a surgeon who recommended corrective surgery, but Mack declined it. In his complaint, Mack requested injunctive relief in the form of a second surgery, but by his own evidence, he has rejected that option. In his response on summary judgment, he requests a second opinion, but he provides no basis to conclude a second opinion is warranted. I therefore grant the defendants' motion for summary judgment on Mack's Eighth Amendment deliberate indifference claim against them in their official capacities.

## II. CONCLUSION

I THEREFORE ORDER the clerk of court to correct the first name of defendant Aranas from Romero to its proper spelling: Romeo.

I FURTHER ORDER that the defendants' motion for summary judgment **(ECF No. 40) is GRANTED**. The clerk of court is instructed to enter judgment accordingly and to close this case.

DATED this 16th day of April, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE